UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

VALENCIA COX     Petitioner/Defendant

v.     Civil Action No. 3:24-cv-626-RGJ

COMMONWEATLH OF KENTUCKY     Respondent/Plaintiff

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner/Defendant Valencia Cox's ("Petitioner") notice of removal [DE 1] of four state court criminal proceedings and one civil proceeding to federal court. For the reasons that follow, the Court will dismiss the notice of removal and remand the matters to state court.

**I.**

In the notice of removal, Petitioner seeks to remove multiple Bullitt County District and Circuit Court cases—Case Nos. 24-CR-277, 24-F-367, 24-M-379, 24-T-546, 22-CI-060. She states that "[r]emoval is warranted to ensure justice under federal law and to prevent further harm caused by continued state court actions." Petitioner states that these actions raise substantial federal questions, including deprivation of due process, breach of fiduciary duty and trust law violations, systemic denial of written orders and appeal rights, bias and misconduct, and deprivation of the Sixth Amendment right to a jury trial in a traffic violation case.

**II.**

Removal of state-court criminal prosecutions is permissible only in "rare circumstances." *Lay v. Michigan*, No. 22-CV-11095, 2022 WL 2168860, at \*1 (E.D. Mich. June 16, 2022). "Such

removals are governed procedurally by 28 U.S.C. § 1455[1] and substantively by 28 U.S.C. § 1443."

*Id.* Thus, a state defendant may remove a criminal prosecution only as provided in 28 U.S.C. § 1443. This section permits removal of a criminal action by a defendant if the state action is:

> (1) Against any person who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)); *see also Michigan v. McGrath*, No. 2:21-CV-34, 2021 WL 1178633, at *2 (W.D. Mich. Mar. 9, 2021).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Ward v. Kentucky,* No. CV 3:17-CR-11-DJH, 2017 WL 956595, at *2 (W.D. Ky. Mar. 10, 2017) (quoting *Johnson*, 421 U.S. at 219 (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966))). Second, a petitioner must show that she cannot enforce the specified federal right in state

---

[1] Petitioner did not satisfy the procedural requirements of 28 U.S.C. § 1455. She did not include the appropriate state court documents with her notice of removal. Furthermore, it is not clear that Petitioner's notice of removal is timely for any of the cases.

court. *Id*. "'This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case.'" *Ward*, 2017 WL 956595, at *2 (quoting *Johnson*, 421 U.S. at 219 (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted))).

Petitioner's notice of removal neither alleges racial inequality nor that there is a formal expression of state law preventing her from enforcing her rights in state court. *See*, *e.g.*, *Ward*, 2017 WL 956595, at *2 . Rather, as in *Ward*, it appears from the notice that she believes that the state court officials have acted improperly in her cases alone. This is insufficient to justify removal. "'Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.'" *Id.* (quoting *Greenwood*, 384 U.S. at 827). Because Petitioner alleges only improper actions by select state officials allegedly operating outside of the law, she must seek vindication of her rights through the state trial and appellate courts. For these reasons, removal is not proper under § 1443(1).

Nor does Petitioner's criminal actions satisfy the alternative bases for removal under § 1443(2). "'The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights' has been examined and held available only to federal officers and to persons assisting such officers in the performance of their official duties.'" *Ward,* 2017 WL 956595, at *2 (quoting *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Greenwood*, 384 U.S. at 815)). As to the second clause of § 1443(2), "'[i]t is clear that removal under that language is available only to state officers.'"

3

*Ward,* 2017 WL 956595, at *2 (quoting *Greenwood*, 384 U.S. at 824 n.22); *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). As Petitioner is not a federal officer or a person assisting a federal officer in the performance of his duties or a state officer, neither clause of § 1443(2) applies.

### III.

With respect to Petitioner's removal of the civil case listed in Plaintiff's notice as 22-CI-060, Petitioner's notice of removal is untimely. Petitioner missed the window for removal under 28 U.S.C. § 1446(b)(1) which requires that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." The Court takes judicial notice that the underlying state-court foreclosure action was filed on January 28, 2022, Petitioner was served no later than March 3, 2022, and filed her answer on March 25, 2022. *See River Crest Homeowners Assoc., Inc. v. Cox,* Civil Action No. 22-CI-060 (Bullitt Circuit Court). Petitioner filed her notice of removal more than two and a half years after she was served. As a result, the removal was untimely under 28 U.S.C. § 1446(b)(1).

### IV.

Because removal is not authorized, the Court is without jurisdiction to entertain Petitioner's criminal or civil actions. As such, the Court will dismiss the notice of removal and summarily

remand the criminal actions pursuant to 28 U.S.C. § 1455(b)(4)[2] and the civil action pursuant to 28 U.S.C. § 1446(b)(1).

**IT IS ORDERED** that any remaining pending motions are **DENIED** as moot.

The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

Date: November 6, 2024

Rebecca Grady Jennings, District Judge
United States District Court

cc: Petitioner/Defendant, *pro se*
Clerk, Bullitt District and Circuit Courts (24-CR-277, 24-F-367, 24-M-379, 24-T-546, 22-CI-060)
A961.014

---

[2] Pursuant to § 1455(b)(4), "If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."